# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO ORTIZ; ARACELI ORTIZ,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br><br>ACCREDITED HOME LENDERS, INC.;<br>LINCE HOME LOANS; CHASE HOME<br>FINANCE, LLC; U.S. BANK NATIONAL<br>ASSOCIATION, TRUSTEE FOR JP<br>MORGAN ACQUISITION TRUST-2006<br>ACC; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　Defendants. | CASE NO. 09 CV 0461 JM (CAB)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Doc. No. 7 |

On February 6, 2009, Plaintiffs Ernesto and Araceli Ortiz ("Plaintiffs") filed a complaint in the Superior Court of the State of California, County of San Diego, raising claims arising out of a mortgage loan transaction. (Doc. No. 1, Exh. 1.) On March 9, 2009, Defendants Chase Home Finance, LLC ("Chase") and U.S. Bank National Association ("U.S. Bank") removed the action to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Doc. No. 1.) Plaintiffs filed a First Amended Complaint on April 21, 2009, naming only U.S. Bank as a defendant and dropping Chase, Accredited Home Lenders, Inc., and Lince Home Loans from the pleadings. (Doc. No. 4, "FAC.") Pending before the court is a motion by Chase and U.S Bank to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 7, "Mot.") Because Chase is no longer a party in this matter, the court construes the motion as having

been brought only by U.S. Bank. Plaintiffs oppose the motion. (Doc. No. 12, "Opp'n.") U.S. Bank submitted a responsive reply. (Doc. No. 14, "Reply.") Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court on June 22, 2009. (Doc. No. 12.)

For the reasons set forth below, the court **GRANTS** the motion to dismiss.

## I. BACKGROUND

Plaintiffs purchased their home at 4442 Via La Jolla, Oceanside, California (the "Property") in January 2006. (FAC ¶ 3; Doc. No. 7-2, Exh. 1 ("DOT") at 1.) The loan was secured by a Deed of Trust on the Property, which was recorded around January 10, 2006. (DOT at 1.) Plaintiffs obtained the loan through a broker "who received kickbacks from the originating lender." (FAC ¶ 4.) U.S. Bank avers that it is the assignee of the original creditor, Accredited Home Lenders, Inc. (FAC ¶ 5; Mot. at 2, 4.) Chase is the loan servicer. (Mot. at 4.) A Notice of Default was recorded on the Property on June 30, 2008, showing the loan in arrears by $14,293,08. (Doc. No. 7-2, Exh. 2.) On October 3, 2008, a Notice of Trustee's Sale was recorded on the Property. (Doc. No. 7-2, Exh. 4.) From the parties' submissions, it appears no foreclosure sale has yet taken place.

Plaintiffs assert causes of action under Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Perata Mortgage Relief Act, Cal. Civil Code § 2923.5, the Foreign Language Contract Act, Cal. Civ. Code § 1632, the California Unfair Business Practices Act, Cal. Bus. Prof. Code § 17200 *et seq.*, and to quiet title in the Property. Plaintiffs seek rescission, restitution, statutory and actual damages, injunctive relief, attorneys' fees and costs, and judgments to void the security interest in the Property and to quiet title.

## II. DISCUSSION

### A. Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative

1  level...." U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981); Bell Atlantic Corp. v. Twombly,
2  550 US 544, 555 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a
3  "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica
4  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5  In testing the complaint's legal adequacy, the court may consider material properly submitted
6  as part of the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th
7  Cir. 2007). Furthermore, under the "incorporation by reference" doctrine, the court may consider
8  documents "whose contents are alleged in a complaint and whose authenticity no party questions, but
9  which are not physically attached to the [plaintiff's] pleading." Janas v. McCracken (In re Silicon
10 Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted). A
11 court may consider matters of public record on a motion to dismiss, and doing so "does not convert
12 a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distributors, 798
13 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n v.
14 Solimino, 501 U.S. 104, 111 (1991). To this end, the court may consider the Deed of Trust, Notice
15 of Default, Substitution of Trustee, and Notice of Trustee's Sale, as sought by U.S. Bank in their
16 Request for Judicial Notice. (Doc. No. 7-2, Exhs. 1-4.)

17 **B. Analysis**

18 *A. Truth in Lending Act*

19 Plaintiffs allege U.S. Bank failed to properly disclose material loan terms, including applicable
20 finance charges, interest rate, and total payments as required by 15 U.S.C. § 1632. (FAC ¶¶ 7, 14.)
21 In particular, Plaintiffs offer that the loan documents contained an "inaccurate calculation of the
22 amount financed," "misleading disclosures regarding the...variable rate nature of the loan" and "the
23 application of a prepayment penalty," and also failed "to disclose the index rate from which the
24 payment was calculated and selection of historical index values." (FAC ¶ 13.) In addition, Plaintiffs
25 contend these violations are "obvious on the face of the loans [sic] documents." (FAC ¶ 13.)
26 Plaintiffs argue that since "Defendant has initiated foreclosure proceedings in an attempt to collect the
27 debt," they may seek remedies for the TILA violations through "recoupment or setoff." (FAC ¶ 14.)
28 Notably, Plaintiffs' FAC does not specify whether they are requesting damages, rescission, or both

under TILA, although their general request for statutory damages does cite TILA's § 1640(a). (FAC at 7.)

U.S. Bank first asks the court to dismiss Plaintiffs' TILA claim by arguing it is "so summarily pled that it does not 'raise a right to relief above the speculative level ...'" (Mot. at 3.) The court disagrees. Plaintiffs have set out several ways in which the disclosure documents were deficient. In addition, by stating the violations were apparent on the face of the loan documents, they have alleged assignee liability for U.S. Bank. See 15 U.S.C. § 1641(a)(assignee liability lies "only if the violation...is apparent on the face of the disclosure statement...."). The court concludes Plaintiffs have adequately pled the substance of their TILA claim.

However, as U.S. Bank argues, Plaintiffs' TILA claim is procedurally barred. To the extent Plaintiffs recite a claim for rescission, such is precluded by the applicable three-year statute of limitations. 15 U.S.C. § 1635(f) ("Any claim for rescission must be brought within three years of consummation of the transaction or upon the sale of the property, whichever occurs first..."). According to the loan documents, the loan closed in December 2005 or January 2006. (DOT at 1.) The instant suit was not filed until February 6, 2009, outside the allowable three-year period. (Doc. No. 1, Exh. 1.) In addition, "residential mortgage transactions" are excluded from the right of rescission. 15 U.S.C. § 1635(e). A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, ... or equivalent consensual security interest...created...against the consumer's dwelling to finance the acquisition...of such dwelling." Thus, Plaintiffs fail to state a claim for rescission under TILA.

As for Plaintiffs' request for damages, they acknowledge such claims are normally subject to a one-year statute of limitations, typically running from the date of loan execution. See 15 U.S.C. §1640(e) (any claim under this provision must be made "within one year from the date of the occurrence of the violation."). However, as mentioned above, Plaintiffs attempt to circumvent the limitations period by characterizing their claim as one for "recoupment or setoff." Plaintiffs rely on 15 U.S.C. § 1640(e), which provides:

> This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

Generally, "a defendant's right to plead 'recoupment,' a 'defense arising out of some feature of the transaction upon which the plaintiff's action is grounded,' ... survives the expiration" of the limitations period. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415 (1998) (quoting Rothensies v. Elec. Storage Battery Co., 329 U.S. 296, 299 (1946) (internal citation omitted)). Plaintiffs also correctly observe the Supreme Court has confirmed recoupment claims survive TILA's statute of limitations. Id. at 418. To avoid dismissal at this stage, Plaintiffs must show that "(1) the TILA violation and the debt are products of the same transaction, (2) the debtor asserts the claim *as a defense*, and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)) (emphasis added).

U.S. Bank suggests Plaintiffs' TILA claim is not sufficiently related to the underlying mortgage debt so as to qualify as a recoupment. (Mot. at 6-7.) The court disagrees with this argument, and other courts have reached the same conclusion. See Moor, 784 F.2d at 634 (plaintiff's use of recoupment claims under TILA failed on the second and third prongs only); Williams v. Countrywide Home Loans, Inc., 504 F.Supp.2d 176, 188 (S.D. Tex. 2007) (where plaintiff "received a loan secured by a deed of trust on his property and later defaulted on the mortgage payments to the lender," he "satisfie[d] the first element of the In re Smith test...."). Plaintiffs' default and U.S. Bank's attempts to foreclose on the Property representing the security interest for the underlying loan each flow from the same contractual transaction. The authority relied on by U.S. Bank, Aetna Fin. Co. v. Pasquali, 128 Ariz. 471 (Ariz. App. 1981), is unpersuasive. Not only does Aetna Finance recognize the split among courts on this issue, the decision is not binding on this court, and was reached before the Supreme Court's ruling in Beach, *supra*. Aetna Fin., 128 Ariz. at 473,

Nevertheless, the deficiencies in Plaintiffs' claim become apparent upon examination under the second and third prongs of the In re Smith test. Section 1640(e) of TILA makes recoupment available only as a "defense" in an "action to collect a debt." Plaintiffs essentially argue that U.S. Bank's initiation of non-judicial foreclosure proceedings paves the path for their recoupment claim. (FAC ¶ 14; Opp'n at 3.) Plaintiffs cite to In re Botelho, 195 B.R. 558, 563 (Bkrtcy. D. Mass. 1996), suggesting the court there allowed TILA recoupment claims to counter a non-judicial foreclosure. In Botelho, lender Citicorp apparently initiated non-judicial foreclosure proceedings, Id. at 561 fn. 1, and

1  thereafter entered the plaintiff's Chapter 13 proceedings by filing a Proof of Claim. Id. at 561. The
2  plaintiff then filed an adversary complaint before the same bankruptcy court in which she advanced
3  her TILA-recoupment theory. Id. at 561-62. The Botelho court evaluated the validity of the
4  recoupment claim, taking *both* of Citicorp's actions into account – the foreclosure as well as the filing
5  of a proof of claim. Id. at 563. The court did not determine whether the non-judicial foreclosure, on
6  its own, would have allowed the plaintiff to satisfy the three prongs of the In re Smith test.

7        On the other hand, the court finds U.S. Bank's argument on this point persuasive: non-judicial
8  foreclosures are not "actions" as contemplated by TILA. First, § 1640(e) itself defines an "action"
9  as a court proceeding. 15 U.S.C. § 1640(e) ("Any action...may be brought in any United States district
10 court, or in any other court of competent jurisdiction..."). Turning to California law, Cal. Code Civ.
11 Proc. § 726 indicates an "action for the recovery of any debt or the enforcement of any right secured
12 by mortgage upon real property" results in a judgment from the court directing the sale of the property
13 and distributing the resulting funds. Further, Code § 22 defines an "action" as "an ordinary
14 proceeding *in a court of justice* by which one party prosecutes another for the declaration,
15 enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a
16 public offense." Neither of these state law provisions addresses the *extra-judicial* exercise of a right
17 of sale under a deed of trust, which is governed by Cal. Civ. Code § 2924, *et seq*. Unlike the situation
18 in Botelho, U.S. Bank has done nothing to bring a review its efforts to foreclose before this court. As
19 Plaintiffs concede, "U.S. Bank has not filed a civil lawsuit and nothing has been placed before the
20 court" which would require the court to "examine the nature and extent of the lender's claims...."
21 (Opp'n at 4.) "When the debtor hales [sic] the creditor into court..., the claim by the debtor is
22 affirmative rather than defensive." Moor, 784 F.2d at 634; see also, Amaro v. Option One Mortgage
23 Corp., 2009 WL 103302, at *3 (C.D. Cal., Jan. 14, 2009) (rejecting plaintiff's argument that
24 recoupment is a defense to a non-judicial foreclosure and holding "Plaintiff's affirmative use of the
25 claim is improper and exceeds the scope of the TILA exception....").

26       The court recognizes that U.S. Bank's choice of remedy under California law effectively
27 denies Plaintiffs the opportunity to assert a recoupment defense. This result does not run afoul of
28 TILA. As other courts have noted, TILA contemplates such restrictions by allowing recoupment only

1  to the extent allowed under state law.  15 U.S.C. § 1640(e); Joseph v. Newport Shores Mortgage, Inc.,
2  2006 WL 418293, at *2 fn. 1 (N.D. Ga., Feb. 21, 2006).  The court concludes TILA's one-year statute
3  of limitations under § 1635(f) bars Plaintiffs' TILA claim.
4       In sum, U.S. Bank's motion to dismiss the TILA claim is granted, and Plaintiffs' TILA claims
5  are dismissed with prejudice.

### B.  Perata Mortgage Relief Act, Cal. Civ. Code § 2923.5

7       Plaintiffs' second cause of action arises under the Perata Mortgage Relief Act, Cal. Civ. Code
8  § 2923.5.  Plaintiffs argue U.S. Bank is liable for monetary damages under this provision because it
9  "failed and refused to explore" "alternatives to the drastic remedy of foreclosure, such as loan
10 modifications" before initiating foreclosure proceedings.  (FAC ¶¶ 17-18.)  Furthermore, Plaintiffs
11 allege U.S. Bank violated Cal. Civ. Code § 2923.5(c) by failing to include with the notice of sale a
12 declaration that it contacted the borrower to explore such options.  (Opp'n at 6.)
13      Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the
14 borrower in person or by telephone in order to assess the borrower's financial situation and explore
15 options for the borrower to avoid foreclosure."  For a lender which had recorded a notice of default
16 prior to the effective date of the statute, as is the case here, § 2923.5(c) imposes a duty to attempt to
17 negotiate with a borrower before recording a notice of sale.  These provisions cover loans initiated
18 between January 1, 2003 and December 31, 2007.  Cal. Civ. Code § 2923.5(h)(3)(i).
19      U.S. Bank's primary argument is that Plaintiffs' claim should be dismissed because neither §
20 2923.5 nor its legislative history clearly indicate an intent to create a private right of action. (Mot. at
21 8.)  Plaintiffs counter that such a conclusion is unsupported by the legislative history; the California
22 legislature would not have enacted this "urgency" legislation, intended to curb high foreclosure rates
23 in the state, without any accompanying enforcement mechanism.  (Opp'n at 5.)  The court agrees with
24 Plaintiffs. While the Ninth Circuit has yet to address this issue, the court found no decision from this
25 circuit where a § 2923.5 claim had been dismissed on the basis advanced by U.S. Bank.  See, e.g.
26 Gentsch v. Ownit Mortgage Solutions Inc., 2009 WL 1390843, at *6 (E.D. Cal., May 14,
27 2009)(addressing merits of claim); Lee v. First Franklin Fin. Corp., 2009 WL 1371740, at *1 (E.D.
28 Cal., May 15, 2009) (addressing evidentiary support for claim).

1  On the other hand, the statute does not require a lender to actually modify a defaulting borrower's loan but rather requires only contacts or attempted contacts in a good faith effort to prevent foreclosure. Cal. Civ. Code § 2923.5(a)(2). Plaintiffs allege only that U.S. Bank "failed and refused to explore such alternatives" but do not allege whether they were contacted or not. (FAC ¶ 18.) Plaintiffs' use of the phrase "refused to explore," combined with the "Declaration of Compliance" accompanying the Notice of Trustee's Sale, imply Plaintiffs were contacted as required by the statute. (Doc. No. 7-2, Exh. 4 at 3.) Because Plaintiffs have failed to state a claim under Cal. Civ. Code § 2923.5, U.S. Bank's motion to dismiss is granted. Plaintiffs' claim is dismissed without prejudice.

### *C. Foreign Language Contract Act, Cal. Civ. Code § 1632 et seq.*

Plaintiffs assert "the contract and loan obligation was [sic] negotiated in Spanish," and thus, they were entitled, under Cal. Civ. Code § 1632, to receive loan documents in Spanish rather than in English. (FAC ¶ 21-24.) Cal. Civ. Code § 1632 provides, in relevant part:

> Any person engaged in a trade or business who negotiates primarily in Spanish, Chines, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement.

Cal. Civ. Code § 1632(b).

U.S. Bank argues this claim must be dismissed because Cal. Civ. Code § 1632(b)(2) specifically excludes loans secured by real property. (Mot. at 8.) Plaintiffs allege their loan falls within the exception outlined in § 1632(b)(4), which effectively recaptures any "loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provision of Article 7 (commencing with Section 10240) of Chapter 3 of Part I of Division 4 of the Business and Professions Code ...." (FAC ¶ 21; Opp'n at 7.) The Article 7 loans referenced here are those secured by real property which were negotiated by a real estate broker.[1] See Cal. Bus. & Prof. Code § 10240. For the purposes of § 1632(b)(4), a "real estate broker" is one who "solicits borrowers, or causes borrowers to be solicited, through express or implied representations

---

[1] Although U.S. Bank correctly notes the authorities cited by Plaintiffs are all unreported cases, the court agrees with the conclusions set forth in those cases. See Munoz v. International Home Capital Corp., 2004 WL 3086907, at *9 (N.D. Cal. 2004); Ruiz v. Decision One Mortgage Co., LLC, 2006 WL 2067072, at *5 (N.D. Cal. 2006).

that the broker will act as an agent in arranging a loan, but in fact makes the loan to the borrower from funds belonging to the broker." Cal. Bus. & Prof. Code § 10240(b). To take advantage of this exception with respect to U.S. Bank, Plaintiffs must allege U.S. Bank either acted as the real estate broker or had a principal-agent relationship with the broker who negotiated their loan. See Alvara v. Aurora Loan Serv., Inc., 2009 WL 1689640, at *3 (N.D. Cal. Jun. 16, 2009), and references cited therein (noting "several courts have rejected the proposition that defendants are immune from this statute simply because they are not themselves brokers, so long as the defendant has an agency relationship with a broker or was acting as a broker."). Although Plaintiffs mention in passing a "broker" was involved in the transaction (FAC ¶ 4), they fail to allege U.S. Bank acted in either capacity described above.

Nevertheless, Plaintiffs argue they are not limited to remedies against the original broker, but may seek rescission of the contract through the assignee of the loan. Cal. Civ. Code § 1632(k). Section 1632(k) allows for rescission for violations of the statute and also provides, "When the contract for a consumer credit sale or consumer lease which has been sold and assigned to a financial institution is rescinded pursuant to this subdivision, the consumer shall make restitution to and have restitution made by the person with whom he or she made the contract, *and shall give notice of rescission to the assignee*." Cal. Civ. Code § 1632(k) (emphasis added). There are two problems with Plaintiffs' theory. First, it is not clear to this court that Plaintiffs' loan qualifies as a "consumer credit sale or consumer lease." Second, the court interprets this provision not as a mechanism to impose *liability* for a violation of § 1632 on U.S. Bank as an assignee, but simply as a mechanism to provide notice to that assignee after recovering restitution from the broker.

The mechanics of contract rescission are governed by Cal. Civ. Code § 1691, which requires a plaintiff to give notice of rescission to the other party and to return, or offer to return, all proceeds he received from the transaction. Plaintiffs' complaint does satisfy these two requirements. Cal. Civ. Code § 1691 ("When notice of rescission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading...that seeks relief based on rescission shall be deemed to be such notice or offer or both."). However, the court notes that if Plaintiffs were successful in their bid to rescind the contract, they would have to return

1 the proceeds of the loan which they used to purchase their Property.

2 For these reasons discussed above, Plaintiffs have failed to state a claim under Cal. Civ. Code § 1632. U.S. Bank's motion to dismiss is granted and Plaintiffs' claim for violation of Cal. Civ. Code § 1632 is dismissed without prejudice.

### *D. Unfair Business Practices, Cal. Bus. & Prof. Code § 17200*

California's unfair competition statute "prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" In re Pomona Valley Med. Group, 476 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code § 17200, et seq.). "This tripartite test is disjunctive and the plaintiff need only allege one of the three theories to properly plead a claim under § 17200." Med. Instrument Dev. Labs. v. Alcon Labs., 2005 WL 1926673, at *5 (N.D. Cal. Aug. 10, 2005). "Virtually any law–state, federal or local–can serve as a predicate for a § 17200 claim." State Farm Fire & Casualty Co. v. Superior Court, 45 Cal.App.4th 1093, 1102-3 (1996). Plaintiffs assert their § 17200 "claim is entirely predicated upon their previous causes of action" under TILA and Cal. Civ. Code §§ 2923.5 and § 1632. (FAC ¶¶ 25-29; Opp'n at 9.)

U.S. Bank first contend Plaintiffs lack standing to pursue a § 17200 claim because they "do not allege what money or property they allegedly lost as a result of any purported violation." (Mot. at 9.) The court finds Plaintiffs have satisfied the pleading standards on this issue by alleging they "relied, to their detriment," on incomplete and inaccurate disclosures which led them to pay higher interest rates than they would have otherwise. (FAC ¶ 9.) Such "losses" have been found sufficient to confer standing. See Aron v. U-Haul Co. of California, 143 Cal.App.4th 796, 802-3 (2006).

U.S. Bank next offers that Plaintiffs' mere recitation of the statutory bases for this cause of action, without specific allegations of fact, fails to state a claim. (Mot. at 10.) Plaintiffs point out all the factual allegations in their complaint are incorporated by reference into their § 17200 claim. (FAC ¶ 25; Opp'n at 9.) The court agrees there was no need for Plaintiffs to copy all the preceding paragraphs into this section when their claim expressly incorporates the allegations presented elsewhere in the complaint. Any argument by U.S. Bank that the pleadings failed to put them on notice of the premise behind Plaintiffs' § 17200 claim would be somewhat disingenuous.

Nevertheless, all three of Plaintiffs' predicate statutory claims have been dismissed for failure

to state a claim. Without any surviving basis for the § 17200 claim, it too must be dismissed. U.S. Bank's motion is therefore granted and Plaintiffs' § 17200 claim is dismissed without prejudice.

*E. Quiet Title*

In their final cause of action, Plaintiffs seek to quiet title in the Property. (FAC ¶¶ 30-36.) In order to adequately allege a cause of action to quiet title, a plaintiff's pleadings must include a description of "[t]he title of the plaintiff as to which a determination...is sought and the basis of the title..." and "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Code Civ. Proc. § 761.020. A plaintiff is required to name the "specific adverse claims" that form the basis of the property dispute. See Cal. Code Civ. Proc. § 761.020, cmt. at ¶ 3. Here, Plaintiffs allege the "Defendant claims an adverse interest in the Property owned by Plaintiffs," but do not specify what that interest might be. (Mot. at 6-7.) Plaintiffs are still the owners of the Property. The recorded foreclosure Notices do not affect Plaintiffs' title, ownership, or possession in the Property. U.S. Bank's motion to dismiss is therefore granted, and Plaintiffs' cause of action to quiet title is dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, U.S. Bank's motion to dismiss (Doc. No. 7) is **GRANTED**. Accordingly, Plaintiffs' claim under TILA is **DISMISSED** with prejudice and Plaintiffs' claims under Cal. Civ. Code § 2923.5, Cal. Civ. Code § 1632, and Cal. Bus. & Prof. Code § 17200, and their claim to quiet title are **DISMISSED** without prejudice.

The court grants Plaintiffs 30 days' leave from the date of entry of this order to file a Second Amended Complaint which cures all the deficiencies noted above. Plaintiffs' Second Amended Complaint must be complete in itself without reference to the superseded pleading. Civil Local Rule 15.1.

**IT IS SO ORDERED.**

DATED: July 13, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge